

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

*Craig Carpenito*
*United States Attorney*

970 Broad Street, Suite 700
Newark, New Jersey 07102

Phone: 973-645-2761
Fax: 973-645-3988

*Margaret Mahoney*
*Assistant United States Attorney*

MaM/Plea.AGR
2016R00409

February 20, 2018

Stacy Biancamano, Esq.
Biancamano Law, LLC
560 Main Street
Chatham, New Jersey 07928

    Re:   <u>Plea Agreement: Joseph Gooch</u>

Dear Ms. Biancamano:

    This letter sets forth the plea agreement between your client, Mr. Joseph Gooch, and the United States Attorney for the District of New Jersey ("this Office"). Should your client wish to accept this offer, the executed original must be received by this Office no later than close of business on March 9, 2018. If an executed agreement is not returned to this Office by that date, this offer will expire.

<u>Charge</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Mr. Gooch to an Information that charges him with a dual object conspiracy to receive and accept a gratuity, contrary to Title 18, United States Code, Section 201(c) and with making false claims against the United States knowing such claims to be false, fictitious, or fraudulent, contrary to Title 18, United States Code, Section 287 and in violation of Title 18, United States Code, Section 371.

    If Mr. Gooch enters a guilty plea and is sentenced on this charge and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Mr. Gooch for the criminal conduct alleged in the Information, provided that Mr. Gooch admits under oath at the time of his guilty plea to the criminal offense describe above and that said conduct is taken into account as relevant conduct by the Court at the time of sentencing under U.S.S.G. Section 1B1.2(c). However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Mr. Gooch agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on

the date this agreement is signed by Mr. Gooch may be commenced against him, notwithstanding the expiration of the limitations period after Mr. Gooch signs the agreement.

## Sentencing

The violation of Title 18, United States Code, Section 371, to which Mr. Gooch agrees to plead guilty, carries a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Mr. Gooch is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, Title 18, United States Code, Section Sections 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Mr. Gooch ultimately will receive.

Further, in addition to imposing any other penalty on Mr. Gooch, the sentencing judge: (1) will order Mr. Gooch to pay an assessment of $100 pursuant to Title 18, United States Code, Section 3013, which assessment must be paid by the date of sentencing; (2) must order Mr. Gooch to pay restitution pursuant to Title 18, United States Code, Sections 3663 and 3663A et seq.; (3) may order Mr. Gooch, pursuant to Title 18, United States Code, Section 3555, to give notice to any victims of his offense; and (4) pursuant to Title 18, United States Code, Section 3583, may require Mr. Gooch to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Mr. Gooch be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Mr. Gooch may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Mr. Gooch by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or

otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Mr. Gooch's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Mr. Gooch agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Mr. Gooch from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Mr. Gooch waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under Title 18, United States Code, Section 3742 or a motion under Title 28, United States Code, Section 2255.

## Immigration Consequences

Mr. Gooch understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Mr. Gooch understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Mr. Gooch wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Mr. Gooch understands that he is bound by this guilty plea regardless of any immigration consequences of the plea. Accordingly, Mr. Gooch waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and

agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Mr. Gooch. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Department of Defense), or any third party from initiating or prosecuting any civil or administrative proceeding against Mr. Gooch.

No provision of this agreement shall preclude Mr. Gooch from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Mr. Gooch received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Mr. Gooch and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

Craig Carpenito
United States Attorney

By: Margaret Ann Mahoney
Assistant U.S. Attorney

APPROVED:

Anthony Moscato
Chief, National Security Unit

4

   I have received this letter from my attorney, Stacy Biancamano, Esq. I have read it and I fully understand it. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____   Date: __3/1/2018__
Mr. Joseph Gooch
Defendant

   I have discussed with Mr. Gooch this plea agreement and all of its provisions, including the provisions addressing the charge, stipulations, waiver, immigration consequences, and sentencing. Mr. Gooch fully understands the letter and wants to plead guilty pursuant to this plea agreement.

_____   Date: __3/1/2018__
Stacy Biancamano, Esq.
Counsel for Joseph Gooch

5

## Plea Agreement with Joseph Gooch

## Schedule A

1.     This Office and Mr. Gooch recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Mr. Gooch nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Mr. Gooch within the Guidelines range that results from the total Guidelines offense level set forth below.

2.     The version of the United States Sentencing Guidelines effective on November 1, 2017 applies in this case.

3.     Pursuant to U.S.S.G. § 1B1.2(d), a conviction on a count charging a conspiracy to commit more than one offense shall be treated as if the defendant had been convicted on a separate count of conspiracy for each offense that the defendant conspired to commit. U.S.S.G. § 1B1.2(d) and Note 3.

### **Conspiracy to Accept Gratuity**

4.     The applicable guideline is U.S.S.G. § 2X1.1(a), which requires application of the base offense level from the guideline for the substantive offense and any sentencing adjustments for that guideline.

5.     The substantive offence is a violation of Title 18 U.S.C. § 201(c), and the applicable guideline for that offence is U.S.S.G. § 2C1.2(a)(1). This guideline carries a Base Offense level of 11.

6.     The offense involved more than one gratuity. Therefore, based upon U.S.S.G. § 2C1.2(b)(1), the offense level is increased by 2 levels.

7.     The value of the gratuity exceeded $6,500 and therefore, based upon U.S.S.G. § 2C1.2(b)(2) and § 2B1.1(b)(1)(F), the offense level is increased by 10 levels because the reasonably foreseeable loss caused by the fraudulent activity was greater than $150,000 but less than or equal to $250,000.

8.     The offense involved a public official in a sensitive position. Therefore, based upon U.S.S.G. § 2C1.2(b)(3), the offense level is increased by 4 levels.

9. The total offense level for Conspiracy to Accept Gratuity ("Group 1") is 27.

## Conspiracy to File False Claims

10. The applicable guideline is U.S.S.G. § 2X1.1(a), which requires application of the base offense level from the guideline for the substantive offense and any sentencing adjustments for that guideline.

11. The substantive offence is a violation of Title 18 U.S.C. § 287, and the applicable guideline for that offence is U.S.S.G. § 2B1.1. This guideline carries a Base Offense level of 6. U.S.S.G. § 2B1.1(a)(2).

12. The total reasonably foreseeable loss in this case was more than $150,000 but not more than $250,000. Therefore, the offense level is increased by 10 levels. U.S.S.G § 2B1.1(b)(1)(G).

13. The total offense level for Count 1.B ("Group 2") is 16.

## Grouping Analysis

14. Because Group 2 is 11 levels less serious than Group 1, it does not increase the applicable offense level. U.S.S.G. § 3D1.4(c). Therefore, the total offense level for both groups is 27.

15. As of the date of this letter, Mr. Gooch has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Mr. Gooch's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

16. As of the date of this letter, Mr. Gooch has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1 point reduction in Mr. Gooch's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Mr. Gooch enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Mr. Gooch's acceptance of responsibility has continued through the date of sentencing and (c) Mr. Gooch's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

17. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Mr. Gooch is 24 (the "Agreed Total Offense Level").

18. Mr. Gooch knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or

any other writ or motion, including but not limited to an appeal under Title 18, United States Code, Section 3742 or a motion under Title 28, United States Code, Section 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 24. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 24. The parties reserve any right they may have under Title 18, United States Code, Section 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

19. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.